CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
12/4/19
JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:08CR00008 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| DWAYNE D. BAILEY, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Senior United States District Judge |

Defendant Dwayne D. Bailey, through counsel, has moved for a reduction of his sentence pursuant to the First Step Act of 2018. The motion has been briefed and is ripe for review. For the following reasons, the court will grant Bailey's motion.

On February 14, 2008, a grand jury in the Western District of Virginia returned a two-count indictment against Bailey. On June 4, 2008, Bailey entered a plea of guilty to Count One of the indictment, which charged him with distributing more than 5 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Based on the amount of cocaine base charged in Count One, Bailey faced a mandatory term of imprisonment of 5 to 40 years under then-applicable law. As a result, the offense was classified as a Class B felony under 18 U.S.C. § 3559(a).

Bailey appeared for sentencing on September 3, 2008. At that time, he was found to qualify as a career offender under § 4B1.1 of the United States Sentencing Guidelines. That designation, coupled with the "offense statutory maximum," produced a base offense level of 31 and a criminal history category of VI. See U.S.S.G. § 4B1.1(b). The resulting Guidelines range of imprisonment was 188 to 235 months. The court varied from the Guidelines range and

imposed a term of imprisonment of 180 months, to be followed by a four-year term of supervised release.[*]

In November of 2009, the government filed a motion for reduction of sentence under Rule 35(b) of the Federal Rules of Criminal Procedure. The court granted the motion and reduced Bailey's term of imprisonment to 72 months.

In August of 2014, while on supervised release, Bailey sold heroin to a confidential informant. He was subsequently charged with distributing a measurable quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). See Indictment, Criminal Action No. 7:15-cr-00010, Dkt. No. 1. Additionally, based on the new criminal conduct, the United States Probation Office filed a petition to revoke Bailey's supervised release. Because the offense for which Bailey was on supervised release was classified as a Class B felony at the time, he faced a statutory maximum term of imprisonment of three years for violating his terms of supervision. See 18 U.S.C. § 3583(e)(3). On May 9, 2016, the court revoked Bailey's supervised release and sentenced him to the statutory maximum term of imprisonment of 36 months, to be served consecutively with the 75-month term of imprisonment imposed that same day in Criminal Action No. 7:10-cr-00010 for the new substantive offense. Bailey is currently serving the aggregate sentence of 111 months. See 18 U.S.C. § 3584(c) ("Multiple terms of imprisonment ordered to run consecutively . . . shall be treated for administrative purposes as a single, aggregate term of imprisonment.").

Bailey has filed a motion for a sentence reduction based on Section 404 of the First Step Act. The court previously issued a notice advising the parties that Bailey may be entitled to a reduction of the 36-month term of imprisonment imposed upon revocation of his supervised release. The motion is now ripe for disposition.

---

[*] Bailey was sentenced by Senior United States District Judge James C. Turk, who is now deceased. The case was reassigned to the undersigned district judge in November of 2014.

Section 404 of the First Step Act permits the court to retroactively apply the statutory penalties modified by the Fair Sentencing Act. See Pub. L. No. 115-391, § 404; 132 Stat. 5194, 5222 (2018); see also 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute"). In particular, Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if [S]ections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404; 132 Stat. at 5222. The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties of which were modified by [S]ection 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Id.

Upon review of the record, the court concludes that Bailey is eligible for a sentence reduction under the First Step Act. It is undisputed that the cocaine base offense for which Bailey was originally sentenced is a "covered offense" for purposes of the Act. The offense was committed before August 3, 2010, and the applicable statutory penalties were modified by Section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016) (citations omitted). As relevant here, Section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams. See Pub. L. No. 111-220, § 2(a)(1); 124 Stat. 2372, 2372 (2010). An offense involving less than 28 grams of cocaine base is now classified as a Class C felony. See 18 U.S.C. § 3559(a)(3); 21 U.S.C. § 841(b)(1)(C). "The effect of this reclassification not only reduces the original statutory penalties for the drug conviction, but also shortens the maximum revocation sentence for a

violation of supervised release from three years (authorized for Class B felonies) to two years (authorized for Class C felonies)." United States v. Venable, ___ F.3d ___, 2019 U.S. App. LEXIS 34497, at *7 (4th Cir. Nov. 20, 2019). Because Bailey's revocation sentence is considered to be "a component of his underlying original sentence" for distributing cocaine base, Bailey "is still serving his sentence for a 'covered offense' for purposes of the First Step Act." Id. at *15. Accordingly, the court is authorized to reduce Bailey's sentence. Id.

Upon review of the record, the court concludes that a sentence reduction is warranted in Bailey's case. Although the government correctly notes that the 36-month revocation sentence was imposed as a sanction for a significant violation of the court's trust, the same violation is now punishable by a maximum term of imprisonment of two years. See 18 U.S.C. § 3583(e)(3). Under the circumstances presented, the court finds it appropriate to exercise its discretion to grant a reduction. After considering the parties' arguments and the sentencing factors set forth in 18 U.S.C. § 3553(a), the court will reduce the period of incarceration imposed upon revocation of Bailey's supervised release from 36 months to 24 months. All other terms of Bailey's sentence will remain the same, including the requirement that the 24-month revocation term of imprisonment be served consecutively with the 75-month term of imprisonment imposed in Criminal Action No. 7:15-cr-00010.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This 4th day of December, 2019.

_____
Senior United States District Judge